```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Thomas Estabrook

    v.                                    Civil No. 18-cv-46-PB

State of New Hampshire


## REPORT AND RECOMMENDATION

Before the court is plaintiff Thomas Estabrook's complaint (Doc. No. 1), naming the State of New Hampshire and/or Merrimack County Superior Court as the defendant(s), and seeking an order: (1) vacating a 2016 ruling of the Merrimack County Superior Court in his habeas corpus proceedings before that court; (2) vacating Estabrook's 2009 state criminal conviction, and/or allowing him to withdraw his guilty pleas to felony and misdemeanor sexual assault charges; and (3) granting him a new trial in that criminal case. The matter is here for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915(e)(2).

## Preliminary Review Standard

The court may dismiss claims asserted in a complaint filed in forma pauperis, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the

complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

On January 14, 2009, Estabrook pleaded guilty to one count of aggravated felonious sexual assault and a misdemeanor charge of sexual assault, upon the advice of his retained trial counsel. The judge sentenced Estabrook to three to eight years in prison, stand committed, on the felony charge, and one year in jail on the misdemeanor charge, to be served concurrently with the felony prison term. Estabrook asserts that his trial counsel billed him $25,000 for services provided in connection

with that case.

Estabrook litigated a series of state and federal post-conviction proceedings while incarcerated, all of which were unsuccessful, including a state habeas petition, a state motion for sentence reduction, a state motion to withdraw his guilty plea, and a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See, e.g., Estabrook v. Zenk, No. 217-2016-cv-392 (N.H. Super. Ct., Rockingham Cnty., Nov. 10, 2016) (Doc. No. 1-1, at 9) (denial of state habeas petition); State v. Estabrook, No. 211-2008-cr-00253, No. 211-2008-cr-00366 ("State Criminal Case") (N.H. Super. Ct., Belknap Cnty. Apr. 4, 2016) (order denying motion for sentence reduction); State Criminal Case (N.H. Super. Ct., Belknap Cnty. July 16, 2010) (denial of motion to withdraw plea); see also Estabrook v. N.H. State Prison Warden, No. 1:11-cv-00096-JL ("§ 2254 Petition") (D.N.H. Nov. 7, 2011) (ECF No. 6) (dismissal of § 2254 Petition).

Estabrook served his full eight year sentence, and was released in 2017.  Estabrook asserts that he is presently subject to a post-conviction sex-offender registry requirement, and has been on probation while in Connecticut, where he presently lives.  It is not clear to this court whether that probation is part of a sentence for the conviction underlying

3

this action, or another conviction not at issue in this case.

Estabrook claims that his state conviction and sentence violated his Sixth Amendment right to the effective assistance of trial counsel, and his Fourteenth Amendment right to due process. Estabrook further asserts that his trial counsel billed him $25,000 for services that he did not provide, which Estabrook calls "theft by deception." Doc. No. 1, at 13. Estabrook seeks injunctive relief consisting of orders vacating the 2016 order denying his state habeas petition; vacating his 2009 conviction and/or allowing him to withdraw his guilty plea; and granting him a new trial based on what Estabrook characterizes as "new evidence."

## Discussion

### I. Eleventh Amendment

It appears that Estabrook intends to invoke this court's original jurisdiction over federal civil rights actions, pursuant to 28 U.S.C. §§ 1331 & 1343, with respect to his claims alleging that his Sixth Amendment right to the effective assistance of trial counsel and his Fourteenth Amendment due

process rights were violated in his state criminal case.[1] Estabrook named as defendants to these claims the State of New Hampshire and/or Merrimack County Superior Court.  The Eleventh Amendment, however, bars this court from hearing claims for damages and injunctive relief asserted against the state and a state court.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).  Accordingly, the defendants named by Estabrook -- the State of New Hampshire and/or Merrimack County Superior Court -- are shielded from suit in this court by the Eleventh Amendment.  The district judge should dismiss Estabrook's claims to the extent he has named only the State and/or Merrimack County Superior Court as defendants, without prejudice to Estabrook's ability to file a new lawsuit, naming appropriate defendants who are not immune from his claims.

    To the extent Estabrook is seeking to sue any judge sitting

---

[1] Because Estabrook initiated this action with a complaint, this court construes it as a civil case, and does not construe it as intending to invoke this court's jurisdiction over a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This court expresses no opinion as to whether Estabrook's present circumstances could satisfy the "in custody" requirement for purposes of seeking relief under § 2254, see 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (per curiam); and whether he could obtain leave from the First Circuit to file a second or successive § 2254 petition at this time, see 28 U.S.C. § 2244(b) & (c)); Magwood v. Patterson, 561 U.S. 320, 331 (2010).

in the Merrimack County Superior Court, this court notes that judges are entitled to absolute immunity from claims for damages for their judicial acts, Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989), including the rulings at issue in this case. In addition, § 1983 bars claims for injunctive relief asserted against judges for actions taken in their judicial capacity, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. There is no suggestion in the pleadings that a declaratory decree has been violated, or that declaratory relief has been unavailable. See Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006). Accordingly, such claims should be dismissed.

## II.  Rooker-Feldman Doctrine

Even if this court were to conclude that Estabrook had named a defendant amenable to suit in this action, the Rooker-Feldman doctrine provides an independent basis for dismissing his civil rights claims seeking this court's order vacating his 2009 conviction and the 2016 Superior Court order denying his state habeas petition. The Rooker-Feldman doctrine holds that, as a general rule, subject to exceptions including the federal courts' habeas corpus jurisdiction, lower federal courts cannot review and reverse prior state judgments. See D.C. Ct. App. v.

Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).  The Rooker-Feldman doctrine divests this court of jurisdiction over cases brought by parties that lost in state court, complaining of injuries caused by state court judgments rendered before the district court proceedings commenced, and "'inviting district court review and rejection of [the state court's] judgments.'"  Skinner v. Switzer, 562 U.S. 521, 532 (2011) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); McKenna v. Curtin, 869 F.3d 44, 47 (1st Cir. 2017).  "Although res judicata doctrine would often achieve similar effects, Rooker-Feldman is at least quasi-jurisdictional, premised on the rule that among federal courts only the U.S. Supreme Court has authority to invalidate state civil judgments."  Mandel, 326 F.3d at 271 (citation omitted).

    Estabrook did not file a direct appeal of his 2009 conviction, and the New Hampshire Supreme Court in 2010 declined to accept an appeal of Estabrook's first motion to withdraw his guilty plea.  Estabrook filed a number of post-conviction motions in his criminal case while he was incarcerated, ending, most recently, on April 4, 2016, when the Superior Court denied his motion for sentence reduction.  See State Criminal Case

(N.H. Super. Ct., Belknap Cnty. Apr. 4, 2016).  The Superior Court order denying Estabrook's state habeas petition was also issued in 2016.  See Zenk, No. 217-2016-cv-392 (N.H. Super. Ct., Rockingham Cnty., Nov. 10, 2016) (Doc. No. 1-1, at 9).  The New Hampshire Supreme Court declined to accept a discretionary appeal of that order in 2017, before Estabrook filed this case here.

Because the state court judgments at issue in this case were adverse to Estabrook and became final before Estabrook filed this action, the Rooker-Feldman doctrine applies to Estabrook's claims seeking an order from this court vacating the orders in those Superior Court cases.  Accordingly, the district judge should dismiss the claims asking this court to vacate the underlying Superior Court orders for lack of jurisdiction.[2]  See

---

[2] Because Estabrook's civil rights claims are appropriately dismissed for reasons including defendants' immunity and lack of jurisdiction pursuant to the Eleventh Amendment and Rooker-Feldman doctrine, this court need not address whether Heck v. Humphrey, 512 U.S. 477 (1994), and the principles of res judicata and collateral estoppel, arising from the final judgments entered in his prior state proceedings, would also preclude plaintiff from litigating those claims here, absent a prior order invalidating his conviction, or an exercise of this court's habeas jurisdiction.  See generally Skinner v. Switzer, 562 U.S. 521, 533 (2011) ("When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of [a] conviction or sentence'" that has not previously been invalidated, "§ 1983 is not an available remedy." (quoting Heck,

Nugent v. Maine, No. 1:16-cv-522-NT, 2016 U.S. Dist. LEXIS 148755, at *4, 2016 WL 6304664, at *2 (D. Me. Oct. 27, 2016) (complaint in civil action, asking federal court to review and overrule of prior judgments relating to plaintiff's state conviction, was properly dismissed under 28 U.S.C. § 1915(e)(2), based on Rooker-Feldman doctrine), R&R approved, 2016 U.S. Dist. LEXIS 159192, 2016 WL 6808137 (D. Me. Nov. 17, 2016).

## Conclusion

The district judge should dismiss this civil rights action, in its entirety, based on the jurisdictional and immunity issues discussed herein. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2); LR 7.2(d). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-

---

512 U.S. at 487)). Cf. Hemon v. Office of Pub. Guardian, 878 F.2d 13, 15 (1st Cir. 1989) (habeas corpus allows "full-scale relitigation" of certain matters adjudicated in prior state proceedings, "'unfettered by the constraints of collateral estoppel and res judicata'" (citation omitted)).

.

Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea Johnstone
United States Magistrate Judge

May 7, 2018

cc:   Thomas Estabrook, pro se